Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

ROQUE ALVAREZ, GONZALO GARCIA TORIBIO, ROLANDO PONCIANO, and LUCIANO PONCIANO, individually and on behalf of all others similarly situated,

                       Plaintiffs,

-against-

B10 LLC d/b/a BAREBURGER, and GEORGE DELLIS, GEORGIOS TZANIDAKIS and GEORGE RODAS, as individuals,

                       Defendants.

---------------------------------------------------------------X

**CV 19-1333**

COLLECTIVE ACTION
COMPLAINT

JURY TRIAL
DEMANDED

**KUNTZ, J.**
**GOLD, M.J.**

1. Plaintiffs, **ROQUE ALVAREZ, GONZALO GARCIA TORIBIO, ROLANDO PONCIANO, and LUCIANO PONCIANO, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **ROQUE ALVAREZ, GONZALO GARCIA TORIBIO, ROLANDO PONCIANO, and LUCIANO PONCIANO, individually and on behalf of all others similarly situated**, through undersigned counsel, bring this action against **B10 LLC d/b/a BAREBURGER, and GEORGE DELLIS, GEORGIOS TZANIDAKIS, and GEORGE RODAS, as individuals**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at B10 LLC d/b/a BAREBURGER, located at 42-38 Bell Boulevard, Bayside, New York 11361.

1

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff ROQUE ALVAREZ residing at 37-38 98th Street, Corona, New York 11368, was employed from in or around October 2014 until in or around July 2018 by Defendants at B10 LLC d/b/a BAREBURGER, located at 42-38 Bell Boulevard, Bayside, New York 11361.

9. Plaintiff GONZALO GARCIA TORIBIO residing at 40-15 23rd Avenue, Astoria, New York 11105, was employed from in or around July 2013 until in or around March 2018 by Defendants at B10 LLC d/b/a BAREBURGER, located at 42-38 Bell Boulevard, Bayside, New York 11361.

10. Plaintiff ROLANDO PONCIANO residing at 40-15 23rd Avenue, Astoria, New York 11105, was employed from in or around December 2012 until in or around April 2013 by Defendants at B10 LLC d/b/a BAREBURGER, located at 42-38 Bell Boulevard, Bayside, New York 11361.

11. Plaintiff LUCIANO PONCIANO residing at 72 Steinway Street, Astoria, New York 11103, was employed from in or around June 2012 until in or around December 2013

by Defendants at B10 LLC d/b/a BAREBURGER, located at 42-38 Bell Boulevard, Bayside, New York 11361.

12. Upon information and belief, Defendant B10 LLC d/b/a BAREBURGER is a corporation organized under the laws of New York.

13. Upon information and belief, Defendant B10 LLC d/b/a BAREBURGER is a corporation authorized to do business under the laws of New York.

14. Upon information and belief, Defendant B10 LLC d/b/a BAREBURGER is a corporation organized under the laws of New York with a principal executive office at 42-38 Bell Boulevard, Bayside, New York 11361.

15. Upon information and belief, Defendant GEORGE DELLIS owns and/or operates B10 LLC D/B/A BAREBURGER.

16. Upon information and belief, Defendant GEORGE DELLIS is the Chief Executive Officer of B10 LLC D/B/A BAREBURGER.

17. Upon information and belief, Defendant GEORGE DELLIS is an agent of B10 LLC D/B/A BAREBURGER.

18. Upon information and belief, Defendant GEORGE DELLIS has power over personnel decisions at B10 LLC D/B/A BAREBURGER.

19. Upon information and belief, Defendant GEORGE DELLIS has power over payroll decisions at B10 LLC D/B/A BAREBURGER.

20. Defendant GEORGE DELLIS has the power to hire and fire employees at B10 LLC D/B/A BAREBURGER, establish and pay their wages, set their work schedule, and maintains their employment records.

21. During all relevant times herein, Defendant GEORGE DELLIS was Plaintiffs' employer within the meaning of the FLSA and NYLL.

22. Upon information and belief, Defendant GEORGIOS TZANIDAKIS owns and/or operates B10 LLC D/B/A BAREBURGER.

23. Upon information and belief, Defendant GEORGIOS TZANIDAKIS is the Chief Executive Officer of B10 LLC D/B/A BAREBURGER.

24. Upon information and belief, Defendant GEORGIOS TZANIDAKIS is an agent of B10 LLC D/B/A BAREBURGER.

25. Upon information and belief, Defendant GEORGIOS TZANIDAKIS has power over personnel decisions at B10 LLC D/B/A BAREBURGER.
26. Upon information and belief, Defendant GEORGIOS TZANIDAKIS has power over payroll decisions at B10 LLC D/B/A BAREBURGER.
27. Defendant GEORGIOS TZANIDAKIS has the power to hire and fire employees at B10 LLC D/B/A BAREBURGER, establish and pay their wages, set their work schedule, and maintains their employment records.
28. During all relevant times herein, Defendant GEORGIOS TZANIDAKIS was Plaintiffs' employer within the meaning of the FLSA and NYLL.
29. Upon information and belief, Defendant GEORGE RODAS owns and/or operates B10 LLC D/B/A BAREBURGER.
30. Upon information and belief, Defendant GEORGE RODAS is the Chief Executive Officer of B10 LLC D/B/A BAREBURGER.
31. Upon information and belief, Defendant GEORGE RODAS is an agent of B10 LLC D/B/A BAREBURGER.
32. Upon information and belief, Defendant GEORGE RODAS has power over personnel decisions at B10 LLC D/B/A BAREBURGER.
33. Upon information and belief, Defendant GEORGE RODAS has power over payroll decisions at B10 LLC D/B/A BAREBURGER.
34. Defendant GEORGE RODAS has the power to hire and fire employees at B10 LLC D/B/A BAREBURGER, establish and pay their wages, set their work schedule, and maintains their employment records.
35. During all relevant times herein, Defendant GEORGE RODAS was Plaintiffs' employer within the meaning of the FLSA and NYLL.
36. On information and belief, B10 LLC d/b/a BAREBURGER is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

37. Plaintiff ROQUE ALVAREZ was employed from in or around October 2014 until in or around July 2018 by Defendants at B10 LLC d/b/a BAREBURGER, located at 45-38 Bell Boulevard, Bayside, New York 11361.

38. During Plaintiff ROQUE ALVAREZ'S employment by Defendants Plaintiff's primary duties were as a dishwasher, porter, food preparer, and line cook, and performing other miscellaneous duties from in or around October 2014 until in or around July 2018.

39. Plaintiff ROQUE ALVAREZ was paid by Defendants approximately $600.00 per week from in or around October 2014 until in or around December 2015, approximately $650.00 in or around 2016, approximately $500.00 per week in or around 2017, and approximately $450.00 from in or around January 2018 until in or around July 2018.

40. Plaintiff worked approximately seventy-two (72) hours or more per week during his employment by Defendants from in or around October 2014 until in or around December 2016, and approximately thirty (30) hours or more per week from in or around January 2017 until in or around July 2018.

41. Although Plaintiff ROQUE ALVAREZ worked approximately seventy-two (72) hours or more per week during his employment by Defendants from in or around October 2014 until in or around December 2016, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

42. Furthermore, although Plaintiff ROQUE ALVAREZ worked approximately twelve (12) or more hours per day, six (6) days a week from in or around October 2014 until in or around December 2016, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

43. Plaintiff GONZALO GARCIA TORIBIO was employed from in or around July 2013 until in or around March 2018 by Defendants at B10 LLC d/b/a BAREBURGER, located at 45-38 Bell Boulevard, Bayside, New York 11361.

44. During Plaintiff GONZALO GARCIA TORIBIO'S employment by Defendants, Plaintiff's primary duties were as a cleaner, food preparer, griller, and kitchen worker, and performing other miscellaneous duties from in or around July 2013 until in or around March 2018.

45. Plaintiff GONZALO GARCIA TORIBIO was paid by Defendants approximately $10.00 per hour from in or around July 2013 until in or around December 2017, and approximately $13.00 per hour from in or around January 2018 until in or around March 2018.

46. Plaintiff GONZALO GARCIA TORIBIO worked approximately fifty-four (54) hours or more per week during his employment by Defendants from in or around July 2013 until in or around December 2014, approximately one-hundred (100) hours or more per week from in or around January 2015 until in or around December 2016, approximately sixty-five (65) hours or more per week in or around 2017, and approximately forty (40) hours or more per week from in or around January 2018 until in or around March 2018.

47. Although Plaintiff GONZALO GARCIA TORIBIO worked approximately fifty-four (54) hours or more per week during his employment by Defendants from in or around July 2013 until in or around December 2014, approximately one-hundred (100) hours or more per week from in or around January 2015 until in or around December 2016, and approximately sixty-five (65) hours or more per week in or around 2017, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

48. Furthermore, although Plaintiff GONZALO GARCIA TORIBIO worked approximately sixteen to seventeen (16 to 17) or more hours per day, six (6) days a week from in or around January 2015 until in or around December 2016, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

49. Plaintiff ROLANDO PONCIANO was employed from in or around December 2012 until in or around April 2013 by Defendants at B10 LLC d/b/a BAREBURGER, located at 45-38 Bell Boulevard, Bayside, New York 11361.

50. During Plaintiff ROLANDO PONCIANO'S employment by Defendants Plaintiff's primary duties were as a cook, and performing other miscellaneous duties from in or around December 2012 until in or around April 2013.
51. Plaintiff ROLANDO PONCIANO was paid by Defendants approximately $450.00 per week from in or around February 2013 until in or around April 2013.
52. Plaintiff worked approximately sixty-six (66) hours or more per week during his employment by Defendants from in or around February 2013 until in or around April 2013.
53. Although Plaintiff ROLANDO PONCIANO worked approximately sixty-six (66) hours or more per week during his employment by Defendants from in or around February 2013 until in or around April 2013, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
54. Furthermore, although Plaintiff ROLANDO PONCIANO worked approximately eleven (11) or more hours per day, six (6) days a week from in or around February 2013 until in or around April 2013, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.
55. Plaintiff LUCIANO PONCIANO was employed from in or around June 2012 until in or around December 2013 by Defendants at B10 LLC d/b/a BAREBURGER, located at 45-38 Bell Boulevard, Bayside, New York 11361.
56. During Plaintiff LUCIANO PONCIANO'S employment by Defendants Plaintiff's primary duties were as a food preparer and cook, and performing other miscellaneous duties from in or around June 2012 until in or around December 2013.
57. Plaintiff LUCIANO PONCIANO was paid by Defendants approximately $700.00 per week from in or around February 2013 until in or around December 2013.
58. Plaintiff worked on average seventy-seven (77) hours or more per week during his employment by Defendants from in or around February 2013 until in or around December 2013.
59. Although Plaintiff LUCIANO PONCIANO worked on average seventy-seven (77) hours or more per week during his employment by Defendants from in or around

7

February 2013 until in or around December 2013, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

60. Furthermore, although Plaintiff LUCIANO PONCIANO worked approximately fourteen (14) or more hours per day, five (5) or six (6) days a week from in or around February 2013 until in or around December 2013, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

61. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

62. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

63. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

64. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

65. Collective Class: All persons who are or have been employed by the Defendants as dishwashers, porters, food preparers, grillers, cooks, cleaners, kitchen workers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

66. Upon information and belief, Defendants employed between 30 and 60 employees within the past three years subjected to similar payment structures.

8

67. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation or proper minimum wage compensation.
68. Defendants' unlawful conduct has been widespread, repeated, and consistent.
69. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.
70. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.
71. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
72. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
73. The claims of Plaintiffs are typical of the claims of the putative class.
74. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.
75. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

76. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
77. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

78. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

79. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

80. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

81. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

82. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

83. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

84. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

85. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

86. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as

reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

87. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

88. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4.

89. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

### FOURTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

90. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

91. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

92. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

### FIFTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

93. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

94. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

95. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs unpaid overtime wages;

c. Awarding Plaintiffs unpaid spread of hours compensation;

d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiffs prejudgment and post-judgment interest;

f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 26 day of February 2019.

_____
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598