<u>**SETTLEMENT AND RELEASE AGREEMENT**</u>

**WHEREAS**, on or about March 7, 2019, Roque Alvarez, Gonzalo Garcia Toribio, Rolando Ponciano and Luciano Ponciano commenced an action against B10 LLC d/b/a Bareburger, George Dellis, George Rodas and George Tzanidakis (collectively "Defendants") in the United States District Court for the Eastern District of New York (the "Court"), bearing Docket No. 19-cv-01333 (the "Action"), alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL");

**WHEREAS**, subsequent to the commencement of the Action, named Plaintiff Roque Alvarez passed away, leaving Gonzalo Garcia Toribio, Rolando Ponciano and Luciano Ponciano (collectively "Plaintiffs") as the sole remaining Plaintiffs in the Action;

**WHEREAS**, Defendants timely filed their Answer on June 18, 2019 denying Plaintiffs' allegations, and have contended that Plaintiffs' allegations are unfounded and lack merit;

**WHEREAS**, on December 17, 2019 Plaintiff and Defendants (collectively the "Parties") participated in a mediation with mediator Patrick M. McKenna, and were able to negotiate a resolution of this matter;

**WHEREAS**, Plaintiffs' counsel of record in the Action and Defendants' counsel of record in the Action have negotiated extensively in good faith to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiffs' claims and Defendants' defenses and the *bona fide* dispute between the Parties;

**WHEREAS**, the Parties desire to fully and finally resolve and settle in full all wage and hour claims that Plaintiffs have, had, or may have against Defendants, by way of this Settlement and Release Agreement ("Agreement");

1

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1.       In consideration of the payment to Plaintiffs by Defendants of One Hundred Twenty Thousand Dollars and Twelve Cents ($120,000.12) (the "Settlement Amount"), representing payment for all of Plaintiffs' alleged damages in connection with the Action, as well as Plaintiffs' counsel's costs and fees, an amount to which Plaintiffs are not otherwise entitled, Plaintiffs hereby release and forever discharge B10 LLC d/b/a Bareburger, George Dellis, George Rodas and George Tzanidakis, as well as, as applicable, Defendants' current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, as well as anyone employed by or affiliated with Defendants, deemed by Plaintiffs to be an "employer" (including, but not limited to, George Dellis, George Rodas and George Tzanidakis) both individually and in their official capacities, as well as Defendants' respective parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies (all of said individuals and entities, together with B23 LLC d/b/a Bareburger, George Dellis, George Rodas and George Tzanidakis, hereinafter collectively referred to, jointly and severally, as "Releasees"), from any and all claims, complaints, causes of action, lawsuits, demands, back-wages, attorney's fees, benefits, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which concern allegations of unpaid compensation (including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, liquidated damages, and/or statutory penalties) purportedly owed to Plaintiffs under the FLSA, NYLL, or any other law, regulation, or ordinance regulating the payment of wages, which Plaintiffs, his heirs, executors, administrators,

2

agents, successors, and assigns, has, had, or hereafter can have against Releasees, from the beginning of time to the date of this Release, including, but not limited to, any and all claims raised in the Action.

2.       Within five (5) business days after the date counsel for Defendants receives this Agreement, executed and signed by Plaintiff before a notary, and the Stipulation of Dismissal in the form attached hereto as "Exhibit A" (the "Stipulation"), executed by Plaintiff's counsel of record, Defendants' counsel of record in the Action will provide the fully-executed Agreement to Plaintiff's counsel, after which Plaintiff's counsel will file the Agreement, a motion in support of same, and the Stipulation to the docket of the Action for the Court's approval.

3.       Provided that: (i) the Agreement is fully-executed by Plaintiffs and is signed by Plaintiffs before a notary; (ii) the Stipulation is executed by Plaintiffs' counsel of record; (iii) the executed and notarized Agreement and the executed Stipulation is provided to Defendants; (iv) the Agreement is approved by the Court; and (v) the Stipulation is endorsed by the Court, the Settlement Amount shall be paid as follows:

(a)       Within thirty (30) days after the Court approves the Agreement and endorses the Stipulation, and continuing every thirty (30) days thereafter for the ensuing eleven (11) months, Defendants shall cause seven (7) checks in the total gross amount of Ten Thousand Dollars and One Cent ($10,000.01) to be delivered to James F. O'Donnell, Esq., Helen F. Dalton & Associates, P.C., 80-02 Kew Gardens Road, Suite 601, Kew Gardens, New York 11415, as follows:

i.       One (1) check in the gross amount of One Thousand Eight Hundred Thirty-Three Dollars and Thirty-Three Cents ($1,833.33), less payroll

taxes, withholdings and other deductions as required by law, made payable to "Gonzalo Garcia Toribio."  At the appropriate time, Defendants will issue, or cause to be issued, an IRS form W-2 to Mr. Toribio respecting the payment to be made pursuant to this paragraph. Mr. Toribio agrees to execute any and all documents required by Defendants to effectuate this payment including, but not limited to, an IRS Form W-4 to effectuate the withholding of taxes described herein;

ii.   One (1) check in the amount of One Thousand Eight Hundred Thirty-Three Dollars and Thirty-Four Cents ($1,833.34), made payable to "Gonzalo Garcia Toribio."  The Parties agree that such payment is being made in settlement of Mr. Toribio's claims for liquidated damages and statutory penalties in the Action, and that it does not constitute back pay, front pay, wages or salary and, accordingly, shall not be subject to any payroll taxes or deductions, income withholding taxes, social security taxes or other taxes which customarily are deducted from and/or paid with respect to wages.  At the appropriate time, Defendants will issue, or cause to be issued, an IRS Form 1099 to Mr. Toribio respecting this payment;

iii.   One (1) check in the gross amount of One Thousand Eighty-Three Dollars and Thirty-Three Cents ($1,083.33), less payroll taxes, withholdings and other deductions as required by law, made payable to "Luciano Ponciano."  At the appropriate time, Defendants will issue, or cause to be issued, an IRS form W-2 to Mr. Ponciano respecting the

4

payment to be made pursuant to this paragraph. Mr. Ponciano agrees to execute any and all documents required by Defendants to effectuate this payment including, but not limited to, an IRS Form W-4 to effectuate the withholding of taxes described herein;

iv.    One (1) check in the amount of One Thousand Eighty-Three Dollars and Thirty-Four Cents ($1,083.34), made payable to "Luciano Ponciano." The Parties agree that such payment is being made in settlement of Mr. Ponciano's claims for liquidated damages and statutory penalties in the Action, and that it does not constitute back pay, front pay, wages or salary and, accordingly, shall not be subject to any payroll taxes or deductions, income withholding taxes, social security taxes or other taxes which customarily are deducted from and/or paid with respect to wages. At the appropriate time, Defendants will issue, or cause to be issued, an IRS Form 1099 to Mr. Ponciano respecting this payment;

v.    One (1) check in the gross amount of Three Hundred Eighty-Three Dollars and Twenty-Eight Cents ($383.28), less payroll taxes, withholdings and other deductions as required by law, made payable to "Rolando Ponciano." At the appropriate time, Defendants will issue, or cause to be issued, an IRS form W-2 to Mr. Ponciano respecting the payment to be made pursuant to this paragraph. Mr. Ponciano agrees to execute any and all documents required by Defendants to effectuate

4843-9291-3589.1

this payment including, but not limited to, an IRS Form W-4 to effectuate the withholding of taxes described herein;

vi.      One (1) check in the amount of Three Hundred Eighty-Three Dollars and Twenty-Eight Cents ($383.28), made payable to "Rolando Ponciano." The Parties agree that such payment is being made in settlement of Mr. Ponciano's claims for liquidated damages and statutory penalties in the Action, and that it does not constitute back pay, front pay, wages or salary and, accordingly, shall not be subject to any payroll taxes or deductions, income withholding taxes, social security taxes or other taxes which customarily are deducted from and/or paid with respect to wages. At the appropriate time, Defendants will issue, or cause to be issued, an IRS Form 1099 to Mr. Ponciano respecting this payment;

vii.      One (1) check in the amount of Three Thousand Four Hundred Dollars and Eleven Cents ($3,400.11), made payable to "Helen F. Dalton & Associates, P.C., as attorneys for Gonzalo Garcia Toribio, Luciano Ponciano and Rolando Ponciano." The Parties agree that such payment is being made in settlement of Plaintiffs' claim for attorneys' fees and costs and that it does not constitute back pay, front pay or salary and, accordingly, shall not be subject to any payroll taxes or deductions, income withholding taxes, social security taxes, or other taxes which customarily are deducted from and/or paid with respect to wages. Defendants will issue, or cause to be issued, to Helen F.

6

Dalton & Associates, P.C. and each Plaintiff an IRS Form 1099 respecting this payment.

(b)     The payments to be made pursuant to this Paragraph 3 are in full and complete settlement of any and all of Plaintiffs' claims for actual damages, compensatory damages, wages, back pay, front pay, employment benefits, liquidated damages, punitive damages, interest, attorneys' fees and costs.  These payments exceed any amount Plaintiffs are, were or may have been entitled to receive from Defendants in the normal course of their employment, and Plaintiffs acknowledge and agree that they have received all wages and compensation owed to them by Defendants. Except for the payments provided in this Paragraph 3, Defendants shall have no other monetary obligation to Plaintiffs arising from, or in any way relating to, their employment with Defendants or any of the Releasees (as defined in Paragraph 1, above).

(c)     Defendants make no representation, nor do they provide any guarantee or assurance, that the amounts paid pursuant to Paragraphs 3(a)(ii), 3(a)(iv), 3(a)(vi) and 3(a)(vii) are not income as defined by the Internal Revenue Service Code. Plaintiffs shall be solely responsible for the payment of any federal, state, local or other taxes, including any interest and penalties assessed thereon, associated with the payments referenced in Paragraphs 3(a)(ii), 3(a)(iv), 3(a)(vi) and 3(a)(vii).  If, for any reason, it is determined by any federal, state or local authority that the above-referenced payments should have been subject to taxation or withholding, Plaintiffs agrees that they shall assume all responsibility for the payment of any taxes, interest and penalties assessed in connection therewith, and that they shall

7

protect, indemnify, defend and hold harmless Defendants from any withholding or tax payment, interest or penalties Defendants may be required to pay thereon, including reasonable attorneys' fees. Defendants agree to notify Plaintiffs in writing, via Plaintiffs' counsel of record in the Action, of any assessment or claim of assessment against them and Plaintiffs agree that any payment for which they have assumed responsibility hereunder shall be paid in full within forty-five (45) days after their receipt of a demand for payment.

(d)      Plaintiffs acknowledge and agree that the terms of this Agreement are accepted by them as a full and complete resolution, accord and satisfaction of any and all claims or causes of action that they may have against Defendants or the Releasees (as defined in Paragraph 1, above), except as otherwise provided in this Agreement.

(e)      It is agreed that, except as provided in this Paragraph 3, each party will bear his or its own costs, expenses and attorneys' fees. Plaintiffs further agree and warrant that any attorneys' fees, costs or disbursements due or owing from them to their attorney, experts or any other person or entity arising from their allegations or claims against Defendants beyond those addressed in Paragraph 3(a)(vii) will be paid by Plaintiffs to the extent not satisfied by the Agreement.

(f)      Plaintiffs represent that they are not aware of any existing lien against their individual recovery in this action. Plaintiffs agree to release, hold harmless and indemnify Defendants from any claim asserting a lien or claim against the settlement proceeds with respect to any liens, known or unknown, including, but not limited to, any existing lien or one arising under Section 475 of the New York

8

Judiciary Law, against their recovery in this action, including that portion of the recovery representing fees for legal services.

(g)     Plaintiffs further acknowledge that Defendants and their respective administrators, successors and assigns, in paying the agreed-upon settlement amount under the Agreement, are not responsible for the satisfaction of any lien upon their recovery in this action, and further acknowledge that the satisfaction of any lien, known or unknown, against their recovery in this action is exclusively their individual responsibility.  Plaintiffs further agree that, should litigation be commenced against Defendants with respect to the enforcement and satisfaction of any liens, known or unknown, relating to their recovery in this action, as well as that portion representing fees for legal services, Plaintiffs shall fully indemnify Defendants for any and all liability arising in that litigation, including reasonable costs and attorneys' fees related to Defendants' defense of that action.

4.     Defendants George Dellis and George Rodas shall each execute an Affidavit of Confession of Judgment on behalf of himself and Defendant B10 LLC d/b/a Bareburger in an amount equivalent to double the outstanding balance due under this Agreement plus reasonable attorneys' fees and costs associated with filing any such Affidavit of Confession of Judgment, in the form attached hereto as Exhibit B (the "Confessions of Judgment").  Contemporaneously with Defendants' execution of this Agreement, Defendants shall provide Plaintiffs' counsel with said Confessions of Judgment bearing original signatures, which shall be held in escrow by Plaintiffs' counsel.

5.     In the event Defendants are in default of any of the payments required under Paragraph 3 of this Agreement, Plaintiffs shall provide fifteen (15) calendar days' written notice

4843-9291-3589.1

via email to Defendants' counsel of their intent to file the Confessions of Judgment. Defendants will have fifteen (15) calendar days to remedy their default before Plaintiffs file the Confessions of Judgment.   Upon complete satisfaction of all payments set forth in Paragraph 3, the Confessions of Judgment will be deemed null and void, and Plaintiffs' counsel will return the original Confessions of Judgment to Defendants' counsel, and retain no copies of same.

6.    Plaintiffs acknowledge that they have received sufficient consideration as set forth in this Agreement.   Plaintiffs and Defendants expressly acknowledge that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including but not limited to those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

7.    Plaintiffs acknowledge that their employment with Defendants has ended and that they have been paid in full for all time worked, paid correctly in accordance with all applicable wage and hour laws, and are owed no other forms of remuneration whatsoever, including, but not limited to, any wages, overtime compensation, vacation, bonus, commission, or accrued benefit pay.

8.    The Parties agree that in any action resulting from a breach of this Agreement by any party, if it is determined by a court of competent jurisdiction that said party breached this Agreement, the prevailing party in such an action will be entitled to its costs and expenses, including reasonable attorneys' fees, incurred in enforcing said provisions and/or defending any action(s), in addition to any damages which may be awarded in connection with said breach.

4843-9291-3589.1

9. The Parties acknowledge that this Agreement does not constitute an admission by Defendants of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights, or an admission by Defendants that Plaintiffs' claims have merit. In fact, Plaintiffs acknowledge that Defendants explicitly refute and deny any claims of wrongdoing.

10. This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

11. Plaintiffs acknowledge that they have not divested, hypothecated, or otherwise bargained away any interest they possess in their purported claims. Plaintiffs acknowledge and represent that they know of no other person or entity that holds a remunerative interest in any plausible legal claims they could assert, and Plaintiffs acknowledge and represent that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by them.

12. Each Plaintiff is competent to affect a knowing and voluntary release of claims as contained herein, and to enter into this Agreement. None of the Plaintiffs are affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. None of the Plaintiffs are a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Defendants from any claims by or relating to each individual Plaintiff.

13. This settlement is based upon a good faith determination between Plaintiffs and Defendants to resolve a disputed claim. Plaintiffs and Defendants have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. Sec. 1395y(b). Plaintiffs and

Defendants resolved this matter in compliance with both state and federal law and made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms. Plaintiffs will have the sole responsibility to satisfy any lien or claim asserted against the Settlement Amount or arising from the settlement, including any potential future lien by Medicare and/or Medicaid (CMS/DSS/HRA). Plaintiffs will indemnify, defend, and hold Releasees and/or Releasees' insurers harmless from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown. If any governmental entity, or anyone acting on behalf of any governmental entity, seeks damages, including multiple damages from Releasees and/or Releasees' insurers relating to payment by such governmental entity, or anyone acting on behalf of such governmental entity, relating to any Plaintiffs' alleged injuries, claims or lawsuit, said Plaintiffs(s) will defend and indemnify Releasees and/or Releasees' insurers, and hold Releasees and/or Releasees' insurers harmless from any and all such damages, claims, liens, Medicare conditional payments and rights to payment, including any attorneys' fees sought by such entities.

14.     Plaintiffs confirm that they have not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants to execute this Agreement.

15.     The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement, including, but not limited to, the Stipulation.

16.     The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

17.     This Agreement may only be modified, altered or changed in writing, signed by the Parties.

18.     This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law.  The Parties agree any court of competent jurisdiction in the State of New York, including the United States District Court for the Eastern District of New York, will have jurisdiction over this Agreement and over the Individual Releases.

19.     This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  In addition, any ADOBE PDF scanned copies or facsimiled copies of the Agreement executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.

20.     All other notices and documents set forth herein shall be delivered to counsel for Defendants, Jeffery A. Meyer, Esq. and David A. Tauster, Esq., Nixon Peabody LLP, 50 Jericho Quadrangle, Suite 300, Jericho, New York 11753; (516) 832-7500; jmeyer@nixonpeabody.com and dtauster@nixonpeabody.com, respectively; and counsel for Plaintiffs, James P. O'Donnell, Esq., Helen F. Dalton & Associates, P.C., 80-02 Kew Gardens Road, Suite 601, Kew Gardens, New York 11415, (718) 263-9591; jamespodonnell86@gmail.com.

21.     Plaintiffs represents that they have been advised to consult legal counsel regarding this Agreement and, in fact, have consulted legal counsel of their own choosing. Plaintiffs further represent that, after having had the opportunity to review and consider the

provisions of this Agreement, and having discussed them with legal counsel and/or financial advisor(s) of their own choosing, they fully understand all of the provisions of this Agreement and have executed same freely and voluntarily.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

4843-9291-3589.1

**IN WITNESS WHEREOF**, Plaintiffs and Defendants have duly executed this

Settlement Agreement and General Release freely and voluntarily.

_____
Gonzalo Garcia Toribio

STATE OF NEW YORK        }
                               }S.S.
COUNTY OF _Queens_       }

On _Feb 20_, 2020, before me personally came Gonzalo Garcia Toribio, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC
Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20_23_

_____
Luciano Ponciano

STATE OF NEW YORK        }
                               }S.S.
COUNTY OF _Queens_       }

On _Feb 20_, 2020, before me personally came Luciano Ponciano, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC
Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20_23_

_____
Rolando Ponciano

STATE OF NEW YORK        }
                               }S.S.
COUNTY OF _Queens_       }

On _Feb 20_, 2020, before me personally came Rolando Ponciano, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC
Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20_23_

15

4843-9291-3589.1

_____
B0 LLC
By:
Title:

STATE OF NEW YORK                    }
                                     }S.S.
COUNTY OF _____}

      On _____, 2020, before me personally came _____, and acknowledged himself or herself to be an officer of B10 LLC, and that he or she, as such, being authorized so to do, executed the foregoing Settlement Agreement and Release for the purposes therein contained, by signing his or her name for B10 LLC.

_____
NOTARY PUBLIC

_____
George Dellis

STATE OF NEW YORK                    }
                                     }S.S.
COUNTY OF _____}

      On _____, 2020, before me personally came George Dellis, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

4843-9291-3589.1

_____
George Rodas

STATE OF NEW YORK       }
                             }S.S.
COUNTY OF _____}

On _____, 2020, before me personally came George Rodas, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

17

# EXHIBIT A

4843-9291-3589.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ROQUE ALVAREZ, GONZALO GARCIA
TORIBIO, ROLANDO PONCIANO, and LUIS
PONCIANO, individually and on behalf of all others
similarly situated,

                                            Plaintiffs,

- against -

B10 LLC d/b/a BAREBURGER, and GEORGE
DELLIS, GEORGE TZANIDAKIS and GEORGE
RODAS, as individuals,

                                            Defendants.

Docket No. 1:19-cv-1333 (WFK)(SMG)

**STIPULATION OF DISMISSAL**

---

**IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties in the above captioned action through their undersigned counsel that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs; and further that Plaintiffs Gonzalo Garcia Toribio, Rolando Ponciano and Luciano Ponciano are precluded from bringing any further claims under the Fair Labor Standards Act or New York Labor Law, or any federal, state or local law, for unpaid wages, including overtime pay, for the period set forth in Plaintiffs' Complaint.

4843-9291-3589.1

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

_____, 2020        _____, 2020

HELEN F. DALTON & ASSOCIATES, P.C.        NIXON PEABODY LLP

By: _____        By: _____
     James F. O'Donnell, Esq.             Jeffery A. Meyer, Esq.
                          David A. Tauster, Esq.

80-02 Kew Gardens Road        50 Jericho Quadrangle, Suite 300
Suite 601        Jericho, New York 11753
Kew Gardens, New York 1415        (516) 832-7500
(718) 263-9591        jmeyer@nixonpeabody.com
Jamespodonnell86@gmail.com        dtauster@nixonpeabody.com
_Attorneys for Plaintiffs_        _Attorneys for Defendants_

**SO ORDERED:**

_____
U.S.M.J.

# EXHIBIT B

4843-9291-3589.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROQUE ALVAREZ, GONZALO GARCIA TORIBIO, ROLANDO PONCIANO, and LUIS PONCIANO, individually and on behalf of all others similarly situated,<br><br>                                            **Plaintiffs,**<br><br>       - against -<br><br>B10 LLC d/b/a BAREBURGER, and GEORGE DELLIS, GEORGE TZANIDAKIS and GEORGE RODAS, as individuals,<br><br>                                         **Defendants.** | Docket No. 1:19-cv-1333 (WFK)(SMG) |

## **AFFIDAVIT FOR JUDGMENT BY CONFESSION**

STATE OF NEW YORK        )
                               )     ss.:
COUNTY OF _____   )

      George Dellis, being duly sworn, deposes and says:

      1.      I am a Defendant in the above-entitled action and am a principal of B10 LLC

d/b/a Bareburger ("B10"), along with George Rodas (the "Defendants"). I reside at

_____.

      2.      I am duly authorized to make this affidavit pursuant to § 3218 of the New York

Civil Practice Law and Rules, in support of Plaintiffs' application for the entry of a judgment by

confession against me and B10 in the above-captioned action.

      3.      This is a judgment to be confessed for money due. This judgment is not to secure

the Plaintiffs against a contingent liability. The facts out of which the debt arose and that the sum

confessed is justly due is set forth below.

4.      In or around December 2019, Defendants agreed to pay the total sum of One Hundred Twenty Thousand Dollars and Twelve Cents ($120,000.12) in exchange for the dismissal of the above-captioned action, with prejudice, and the Parties executed a Settlement and Release Agreement (the "Agreement"), attached hereto as Exhibit A.

5.      Under the terms of the Agreement, Defendants agreed to pay a total gross settlement amount of One Hundred Twenty Thousand Dollars and Twelve Cents ($120,000.12) in installments beginning after execution of the Agreement. Specifically, Defendants agreed to pay the total amount of Ten Thousand Dollars and One Cent ($10,000.01) within thirty (30) days after court approval of the Agreement, and to make equivalent payments over the course of the ensuing eleven (11) months thereafter. This amount is inclusive of attorneys' fees and costs to Plaintiffs' attorneys, Helen F. Dalton & Associates, P.C.

6.      Under the terms of the Agreement, I agreed to execute the instant Affidavit for Confession of Judgment on behalf of myself and B10 in an amount equivalent to double the outstanding balance due under the Agreement, plus reasonable attorney's fees and costs associated with the need to file this Affidavit for Confession of Judgment.

7.      Under the terms of the Agreement, if Defendants are in default in the payment of any of the said installments, Plaintiffs shall provide fifteen (15) calendar days' notice to Defendants of his intent to file the Affidavit for Confession of Judgment with the clerk of any court of competent jurisdiction. Defendants shall have fifteen (15) calendar days to remedy their default.

8.      Accordingly, if Defendants do not remedy their default within fifteen (15) calendar days of their receipt of such notice, I hereby authorize the entry of judgment in an amount equivalent to double the outstanding balance due under the Agreement, namely

_____ ($_____.00), against myself and the other

Defendants, jointly and severally, in favor of Plaintiffs and Helen F. Dalton & Associates, P.C.

9.      This confession of judgment is not for the purpose of securing the plaintiff against

a contingent liability, nor is it based upon a consumer credit transaction.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

4841-8305-1699.1

10.     I hereby confess judgment and authorize this confessed judgment to be entered

with the clerk of any court of competent jurisdiction.

Dated: _____, New York
                 _____, 2020


_____
George Dellis

STATE OF NEW YORK                    }
                                     }S.S.
COUNTY OF _____}

On _____, 2020, before me personally came George Dellis, to me known,
and known to me to be the individual described in, and who executed the foregoing Affidavit for
Confession of Judgment, and duly acknowledged to me that he executed the same.


_____
NOTARY PUBLIC


_____
B10 LLC
By: George Dellis
Title:

STATE OF NEW YORK                    }
                                     }S.S.
COUNTY OF _____}


On _____, 2020, before me personally came George Dellis, and
acknowledged himself to be an officer of B10 LLC, and that he, as such, being authorized so to
do, executed the foregoing Affidavit for Confession of Judgment for the purposes therein
contained, by signing his name for B10 LLC.


_____
NOTARY PUBLIC

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROQUE ALVAREZ, GONZALO GARCIA TORIBIO, ROLANDO PONCIANO, and LUIS PONCIANO, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　　Plaintiffs,<br><br>　　- against -<br><br>B10 LLC d/b/a BAREBURGER, and GEORGE DELLIS, GEORGE TZANIDAKIS and GEORGE RODAS, as individuals,<br><br>　　　　　　　　　　　　　Defendants. | Docket No. 1:19-cv-1333 (WFK)(SMG) |

## <u>AFFIDAVIT FOR JUDGMENT BY CONFESSION</u>

STATE OF NEW YORK　　　　　)
　　　　　　　　　　　　　　)　　ss.:
COUNTY OF _____　　)

　　　　George Rodas, being duly sworn, deposes and says:

　　　　1.　　　　I am a Defendant in the above-entitled action and am a principal of B10 LLC

d/b/a Bareburger ("B10"), along with George Dellis (the "Defendants"). I reside at

_____.

　　　　2.　　　　I am duly authorized to make this affidavit pursuant to § 3218 of the New York

Civil Practice Law and Rules, in support of Plaintiffs' application for the entry of a judgment by

confession against me and B10 in the above-captioned action.

　　　　3.　　　　This is a judgment to be confessed for money due. This judgment is not to secure

the Plaintiffs against a contingent liability. The facts out of which the debt arose and that the sum

confessed is justly due is set forth below.

1

4844-8504-1587.1

4.      In or around December 2019, Defendants agreed to pay the total sum of One

Hundred Twenty Thousand Dollars and Twelve Cents ($120,000.12) in exchange for the

dismissal of the above-captioned action, with prejudice, and the Parties executed a Settlement

and Release Agreement (the "Agreement"), attached hereto as Exhibit A.

5.      Under the terms of the Agreement, Defendants agreed to pay a total gross

settlement amount of One Hundred Twenty Thousand Dollars and Twelve Cents ($120,000.12)

in installments beginning after execution of the Agreement. Specifically, Defendants agreed to

pay the total amount of Ten Thousand Dollars and One Cent ($10,000.01) within thirty (30) days

after court approval of the Agreement, and to make equivalent payments over the course of the

ensuing eleven (11) months thereafter. This amount is inclusive of attorneys' fees and costs to

Plaintiffs' attorneys, Helen F. Dalton & Associates, P.C.

6.      Under the terms of the Agreement, I agreed to execute the instant Affidavit for

Confession of Judgment on behalf of myself and B10 in an amount equivalent to double the

outstanding balance due under the Agreement, plus reasonable attorney's fees and costs

associated with the need to file this Affidavit for Confession of Judgment.

7.      Under the terms of the Agreement, if Defendants are in default in the payment of

any of the said installments, Plaintiffs shall provide fifteen (15) calendar days' notice to

Defendants of his intent to file the Affidavit for Confession of Judgment with the clerk of any

court of competent jurisdiction. Defendants shall have fifteen (15) calendar days to remedy their

default.

8.      Accordingly, if Defendants do not remedy their default within fifteen (15)

calendar days of their receipt of such notice, I hereby authorize the entry of judgment in an

amount equivalent to double the outstanding balance due under the Agreement, namely

2

_____ ($_____.00), against myself and the other

Defendants, jointly and severally, in favor of Plaintiffs and Helen F. Dalton & Associates, P.C.

      9.     This confession of judgment is not for the purpose of securing the plaintiff against

a contingent liability, nor is it based upon a consumer credit transaction.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

4844-8504-1587.1

10.     I hereby confess judgment and authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated:          _____, New York
                _____, 2020


                          _____
                          George Rodas

STATE OF NEW YORK              }
                              }S.S.
COUNTY OF _____}

On _____, 2020, before me personally came George Rodas, to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit for Confession of Judgment, and duly acknowledged to me that he executed the same.


_____
NOTARY PUBLIC


                          _____
                          B10 LLC
                          By: George Rodas
                          Title:

STATE OF NEW YORK              }
                              }S.S.
COUNTY OF _____}


On _____, 2020, before me personally came George Rodas, and acknowledged himself to be an officer of B10 LLC, and that he, as such, being authorized so to do, executed the foregoing Affidavit for Confession of Judgment for the purposes therein contained, by signing his name for B10 LLC.


_____
NOTARY PUBLIC

4844-8504-1587.1