
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
ROQUE ALVAREZ, GONZALO GARCIA TORIBIO,  :
ROLANDO PONCIANO, and LUCIANO           :
PONCIANO,                               :
                                        :      REPORT &
                      Plaintiffs,       :      RECOMMENDATION
                                        :      19-CV-1333 (EK) (SMG)
   -against-                            :
                                        :
B10 LLC, GEORGE DELLIS, GEORGE          :
TZANIDIKIS, and GEORGE RODAS,           :
                                        x
                      Defendants.
-----------------------------------------------------------------------

STEVEN M. GOLD, U.S. Magistrate Judge:

Plaintiffs have filed a letter motion seeking approval of a settlement they have reached with defendants in this action brought pursuant to the Fair Labor Standards Act. Dkt. 21. By Order dated February 24, 2020, United States District Judge Komitee referred plaintiffs' motion to me for Report and Recommendation.

I have reviewed the letter motion, the parties' settlement agreement, Dkt. 21-1, and a supplemental letter dated March 3, 2020 indicating counsel's lodestar, Dkt. 22-1. Having done so, I find that "the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing, USA, Inc.*, 2008 WL 724155 (E.D.N.Y. Mar. 13, 2008) (internal quotations and citation omitted). *See also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

In reaching this conclusion, I have considered several factors. First, the settlement was reached after experienced plaintiffs' counsel participated in court-annexed mediation. Second, although the settlement amount is for less than what plaintiffs claim in wages due, counsel

represents that defendants maintained payroll records that could at least partially undermine plaintiffs' claims. Letter dated Feb. 24, 2020, at 2. Moreover, the release called for in the settlement agreement is limited in scope and the agreement does not impose a duty of confidentiality. Finally, the attorney's fee portion of the settlement is consistent with the terms of plaintiffs' retainer agreement and is for an amount no more than one-third of the settlement and less than two times counsel's lodestar. *See Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F.Supp.3d 424, 439 (S.D.N.Y. 2014) ("a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases"); *Trinidad v. Pret a Manger (USA) Ltd.*, 2014 WL 4670870, at *12 (S.D.N.Y. Sept. 19, 2014) (multiplier of 1.82 gives class counsel "ample credit for the effort and risk" in FLSA and NYLL class action).

For all these reasons, I respectfully recommend that the settlement agreement be approved. Any objections to the recommendations made in this Report must be made within fourteen days after filing of this Report and Recommendation and, in any event, on or before March 17, 2020. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit). Plaintiff shall forthwith serve copies of this Report and Recommendation upon the defaulting defendant at its last known address and file proof of service with the Court.

                                                                         _____
                                                                         Steven M. Gold
                                                                         United States Magistrate Judge

Brooklyn, New York
March 3, 2020

*U:\Alvarez R&R  19cv1333.docx*